UNITED STATES DISTRICT COURT

WESTERN DISTRICT OF MICHIGAN

―――――――――――――――――

| | |
|---|---|
| JACKSON PRODUCTS INC., a Delaware corporation, | Case No. 1:05-cv-590<br>Consolidated with Case No. 1:06-cv-191<br>Honorable Robert J. Jonker |
| Plaintiff/Counter-Defendant, | |
| v. | **OBJECTION TO JOINT MOTION TO VACATE CLAIM CONSTRUCTION MEMORANDUM OPINION AND ORDER** |
| THE FIBRE-METAL PRODUCTS COMPANY, a Delaware corporation, | |
| Defendant/Counter-Plaintiff, | |
| and | |
| BALDER OPTOELECTRONIC ELEMENTS AND MEASURING SYSTEMS LTD., | |
| Plaintiff/Counter-Defendant, | |
| v. | |
| JACKSON PRODUCTS INC., a Delaware corporation, | |
| Defendant/Counter-Plaintiff. | |

We have been monitoring these cases on behalf of Miller Electric Mfg. Co., which is interested in the scope of the patents at issue in these cases. It has come to our attention that the parties in the above-referenced matters moved to vacate the Court's July 28, 2008, Claim Construction Memorandum Opinion and Order pursuant to the terms of a settlement agreement and intend to file a joint motion to dismiss the action. Dkt. 52, 59. We urge the Court to deny the parties' motion to vacate. Not only have the parties failed to cite an appropriate basis upon which the Court can consider vacating its own Order, but vacatur following a settlement agreement is contrary to established precedent and public policy. Moreover, Jackson Products

Inc., as the party negatively impacted by the Order, should not be allowed to circumvent that outcome through settlement-related vacatur.

The parties move this Court for vacatur, citing Fed. R. Civ. P. 60(b), presumably asking that subsection 6 of Rule 60(b) be applied.  *See* Fed. R. Civ. P. 60(b)(6).  Relief under Rule 60(b)(6) is generally restricted by public policy that favors the finality of judgments and the termination of litigation.  *See Blue Diamond Coal Co. v. Trs. of UMWA*, 249 F.3d 519, 524 (6th Cir. 2001).  Motions to vacate under this rule should thus be granted "only in unusual and extreme circumstances where principles of equity *mandate* relief."  *Id.* (emphasis in original).  Courts in this district agree, noting that unless "exceptional circumstances are shown," "mootness by reason of settlement does not justify vacatur of a judgment under review."  *Autism Soc'y v. Fuller,* No. 5:05-CV-73, 2007 U.S. Dist. LEXIS 64036, at *3 (W.D. Mich. Aug. 29, 2007)("the fact that the parties have settled the case and desire to have the unfavorable ruling withdrawn is generally insufficient to warrant vacatur" (*id.,* at *6)); *see also U.S. Bancorp Mortgage Co. v. Bonner Mall P'ship*, 513 U.S. 18 (1994).  In *U.S. Bankcorp v. Bonner Mall*, the Supreme Court considered whether federal appellate courts should vacate civil judgments of district courts in settled cases after an appeal is filed or certiorari sought.  *Id.*  The Court noted the value to the finality of judgments, stating that "judicial precedents are presumptively correct and valuable to the legal community as a whole.  They are not merely the property of private litigants and should stand unless a court concludes that the public interest would be served by a vacatur."  *Id*. at 26–27.

Though not directly correlative here (the Court's Order here has not been appealed), the Supreme Court's reasoning, and that of the courts of this Circuit, applies with equal force to the Court's consideration of this motion to vacate under Fed. R. Civ. P. 60(b).  This Court has spent

its valuable time and the public's resources to craft the Order, and it should not be obliterated, absent extraordinary circumstances (which do not exist here).  District court opinions are important guideposts on which attorneys rely to counsel and direct their clients.  Indeed, the interpretation of patent claim language is of paramount importance in providing the public notice function of patents.  *See PSC Computer Prods. Inc. v. Foxconn Int'l Inc.*, 69 U.S.P.Q.2d 1460, 1464–65 (Fed. Cir. 2004).

The settlement agreement cited by the parties here does not meet the "extraordinary circumstances" requirement imposed by the Supreme Court and courts in this district, and without more this Court should deny the motion to vacate.

Respectfully submitted,

VARNUM LLP
Attorneys for Miller Electric Mfg. Co.

Date: March 24, 2009

By: /s/ Bryan R. Walters
　　Bryan R. Walters (P58050)
Business Address and Telephone:
　　Bridgewater Place, P.O. Box 352
　　Grand Rapids, MI 49501-0352
　　(616) 336-6000
　　brwalters@varnumlaw.com

GODFREY & KAHN, S.C.
Attorneys for Miller Electric Mfg. Co.

　　Daniel T. Flaherty
Business Address and Telephone:
　　100 West Lawrence Street, P.O. Box 2728
　　Appleton, WI 54912-2728
　　(920) 830-2800
　　dflaherty@gklaw.com

2547254_1.DOC