**UNITED STATES OF AMERICA**
**DISTRICT COURT FOR THE WESTERN DISTRICT OF MICHIGAN**
**SOUTHERN DIVISION**

---

JACKSON PRODUCTS, INC.,

        Plaintiff(s),                                    Case No. 1:05cv590

-vs-

THE FIBRE-METAL PRODUCTS COMPANY,

        Defendant(s),

-------------------------------------------------------------------

BALDER OPTOELECTRONIC ELEMENTS                       Related case:
AND MEASURING SYSTEMS, LTD.,

        Plaintiff(s),

-vs-                                                                          Case No.  1:06cv191

JACKSON PRODUCTS, INC.,

        Defendant(s).
_____/

## ORDER REGARDING NON-PARTY OBJECTION

      This matter is before the Court on an objection (docket #87) by a non-party, Miller Electric Mfg. Co., to the stipulated request of the parties to this litigation that the Court vacate its claim construction opinion and order as part of the parties' settlement agreement.  The objection was filed the same day the Court approved the parties' stipulation and vacated its earlier opinion and order.  The Court was unaware of the non-party objection at the time, but nothing in the non-party objection persuades this Court to change its mind.

      In the first place, a non-party such as Miller Electric Mfg. Co. has no standing at this time to file any paper in this litigation.  Miller is not and never has been a party to this case.  Nor has Miller ever made an effort to intervene in this case under Rule 24.  Even

now, Miller does not attempt to intervene formally in the case.  It merely files a non-party objection.  Unless and until Miller seeks and obtains status as a party to this litigation, its objection is not properly before the Court.

Second, even if Miller and its objection were properly before the Court, the substance of the objection would be unpersuasive given the current posture of the case. The objection rests on a false premise:  namely, that the Court entered a final order in the case.  From that false premise, Miller argues the Court should not grant relief under Rule 60(b).  In fact, Rule 60(b) has no bearing on the matter.  The claim construction opinion and order did not resolve all the claims of the parties, and accordingly, is an interim order that "may be revised at any time before the entry of a judgment adjudicating all the claims and all the parties' rights and liabilities."  Fed. R. Civ. P. 54(b). Case law, public policy and judicial practice regarding settlement driven vacatur of final judicial orders, whether by the trial court itself or by an appellate court, do not bear on settlement driven vacatur of a non-final order that is, by the express mandate of Rule 54(b), subject to revision at any time.

Accordingly, to the extent the non-party objection has any standing in this Court, it is overruled.  Nothing in the order shall be construed as granting Miller Electric Mfg. Co. status as an intervenor in the case for any purpose.

                                                        /s/ Robert J. Jonker
                                                   ROBERT J. JONKER
                                        UNITED STATES DISTRICT JUDGE

Dated:  March 25, 2009